IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ISRAEL WILLIAMS, JR., )<br>     Petitioner, )<br>)<br>v. )<br>)<br>NATHANIEL QUARTERMAN, )<br>Director TDCJ-CID, )<br>     Respondent. ) | No. 3:06-CV-2074-K<br>ECF |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

**I. Background**

Petitioner pled guilty to sexual assault. *State of Texas v. Israel Williams, Jr.*, No. F-0248808-WK (Crim. Dist. Ct. No. 4, Dallas County, Tex., March 21, 2003). He was sentenced to life imprisonment. On February 4, 2004, the Eleventh District Court of Appeals affirmed Petitioner's conviction. *Williams v. State*, No. 07-03-00154-CR (Tex. App. – Eastland, Feb. 4, 2004). Petitioner did not file a petition for discretionary review.

On April 5, 2005, Petitioner filed a state application for writ of habeas corpus. *Ex parte Williams*, Application No. 59,390-02. On September 11, 2006, the Court of Criminal Appeals denied the application without written order.

On November 2, 2006, Petitioner filed this federal petition. On January 19, 2007,

Respondent filed a preliminary response arguing that the petition is time-barred. On May 25, 2007, Petitioner filed a traverse. The Court now determines the petition is barred by limitations and should be dismissed.

## II. Discussion

### A. Statute of Limitations

Petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the AEDPA governs the present petition. *See Lindh v. Murphy*, 521 U.S. 320 (1997). The AEDPA establishes a one-year statute of limitations for federal habeas proceedings. *See* Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996).

In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired. *See* 28 U.S.C. § 2244(d)(1)(A).[1]

---

[1] The statute provides that the limitations period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

This period is tolled while a properly filed motion for state post-conviction relief or other collateral review is pending. *Id.* § 2244(d)(2).

On February 5, 2004, the Eleventh District Court of Appeals affirmed Petitioner's conviction. His conviction therefore became final on March 8, 2004.[2] *See* Tex. R. App. P. 68.2 (PDR must be filed within 30 days after court of appeals renders judgment or overrules motion for rehearing); *see also Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003) (state conviction becomes final for limitations purposes when time for seeking further direct review expires, regardless of when mandate issues). Petitioner then had one year, or until March 8, 2005, to file his federal petition.

The filing of a state application for habeas corpus tolls the statute of limitations. *See* 28 U.S.C. § 2244 (d)(2). On April 5, 2005, Petitioner filed a state application for habeas relief. This application was filed after the limitations period expired. It therefore did not toll the limitations period.

Petitioner's federal petition was due by March 8, 2005. He did not file his federal petition until November 2, 2006. His petition is therefore untimely.

**B. Equitable Tolling**

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that " '[e]quitable

---

[2]Thirty days from February 5, 2004, is Saturday, March 6, 2004. Pursuant to Tex. R. App. P. 4(a), the PDR was due on Monday, March 8, 2004.

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge**　　Page -3-

tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996)). Petitioner bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Petitioner argues he is entitled to equitable tolling because the mandate on his direct appeal did not issue until May 11, 2005. He argues his conviction was not final until that date. A state conviction, however, becomes final for AEDPA limitations purposes when the time for seeking further direct review expires, regardless of when mandate issues. *Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003). Direct review expired on March 8, 2004, when Petitioner failed to file a petition for discretionary review. *Id*.

Petitioner also argues he is entitled to equitable tolling because the Court of Criminal Appeals remanded his state habeas to the trial court for additional facts. He states the trial court did not timely respond to this remand. The statute of limitations, however, expired prior to Petitioner filing his state habeas petition. He is therefore not entitled to equitable tolling on this claim.

Finally, Petitioner argues he is entitled to equitable tolling because he received ineffective assistance of appellate counsel. He states that due to his counsel's ineffectiveness, he did not file a petition for discretionary review. Petitioner's claim does not entitle him to equitable tolling. As the Fifth Circuit has stated:

> Whether [petitioner] had effective assistance of counsel on direct appeal in state court is not relevant to the question of the tolling the AEDPA's statute of limitations. A criminal defendant has a right to effective assistance of counsel on a first appeal as of right. An alleged violation of that right does not toll the

AEDPA's statute of limitations.

*Molo v. Johnson*, 207 F.3d 773, 775 (5th Cir. 2000); *see also, Moore v. Cockrell*, 313 F.3d 880 (5th Cir. 2002), *cert. denied*, 538 U.S. 969, 123 S.Ct. 1768 (2003) (finding counsel's delay in notifying petitioner of the result of the direct appeal does not constitute a basis for equitable tolling); *Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002) ("[M]ere attorney error or neglect is not an extraordinary circumstance such that equitable tolling is justified."). Petitioner has failed to establish extraordinary circumstances warranting equitable tolling.

**RECOMMENDATION**:

The Court recommends that the petition for a writ of habeas corpus be dismissed with prejudice as barred by the one-year limitation period. *See* 28 U.S.C. §2244(d).

Signed this 13th day of February, 2008.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO OBJECT

The United States District Clerk shall serve a copy of these findings and recommendations on the parties. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings and recommendations must file and serve written objections within ten (10) days after being served with a copy. A party filing objections must specifically identify those findings and recommendations to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. The failure to file such written objections to these proposed findings and recommendations shall bar that party from a *de novo* determination by the district court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, the failure to file written objections to proposed findings and recommendations within ten (10) days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996)(en banc).